UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROSALIND MINAHAN,<br>        Plaintiff,<br><br>    v.<br><br>TOWN OF EAST LONGMEADOW,<br>KATHLEEN TRANGHESE,<br>NICHOLAS BREAULT, JAMES<br>DRISCOLL, ENRICO VILLAMANO,<br>THOMAS CALIENTO, ROBYN<br>MACDONALD and PAUL FEDERICI,<br>        Defendants. | CIVIL ACTION<br>NO. 12-30203-MAP |

REPORT AND RECOMMENDATION
REGARDING TOWN DEFENDANTS' MOTION TO STRIKE (Docket #73)

April 22, 2014

Hennessy, M.J.

Town Defendants' Motion to Strike (Docket #73) has been referred to this Court for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B) and Referral Order (Docket #76).

I. **BACKGROUND**

Plaintiff Rosalind Minahan ("Minahan") has sued for job discrimination, naming as defendants the Town of East Longmeadow with six of its employees (the "Town Defendants"), and the owner of a human resources consulting firm (Defendant Kathleen Tranghese), who allegedly acted as an agent of the Town of East Longmeadow. The complaint, now in its fourth iteration, is the subject of a renewed motion by the Town Defendants to dismiss it in its entirety. Before the Court is the Town Defendants' motion to strike information presented in Minahan's opposition memorandum to Defendants' motion to dismiss. For the reasons stated below, the

1

Court recommends that the motion to strike be denied, but that it be treated as a reply brief to Minahan's opposition to the motion to dismiss.

## II. STATEMENT OF FACTS

According to allegations in the Fourth Amended Complaint (Docket #62), Minahan was employed by the Town of East Longmeadow (the "Town") for nearly twenty years, and held the position of a Payroll/Benefits Administrator from 2007 to 2011. (Docket #62, par. 11). In 2008, Minahan applied for a re-grade of her position with the Town. (Id., par. 12). The Town denied her application and, according to Minahan, afterwards treated Minahan differently than younger employees of the Town. (Id.). On April 1, 2011, when Minahan was 56 years old, the Town terminated her employment. (Id., par. 37).

On November 21, 2012, Minahan filed her initial complaint against the Town, six of its employees, and an owner of a human resources consulting firm who acted as an agent of the Town. (Docket #1). The complaint alleged seven counts: (1) age discrimination in violation of federal and state law; (2) violations of federal and state anti-retaliation statutes; (3) disability discrimination in violation of federal and state law; (4) violation of the Family and Medical Leave Act of 1993; (5) state claims of breach of contract, wrongful termination, and breach of duty of good faith and fair dealing; (6) violation of the Massachusetts Tort Claims Act, Mass. Gen. Laws, ch. 258, § 1, et seq.; and, (7) deprivation of a federal constitutional and statutory rights under 42 U.S.C. § 1983 and a Monell claim. (Id.).

On January 28, 2013, the Town Defendants moved to dismiss the initial complaint, or in the alternative, for a more definitive statement. (Docket #8). On June 12, 2013, the Court denied the motion to dismiss without prejudice, and allowed the motion for a more definitive statement. (Docket # 48). Thereafter, Minahan amended her complaint a number of times, filing

a fourth amended complaint on December 6, 2013. (Docket #62). The Town Defendants then moved to dismiss the fourth amended complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), seeking to dismiss all claims against the Town Defendants. (Docket #68). The thrust of the Town Defendants' argument is that Minahan has not presented well-pleaded facts that plausibly give rise to an entitlement for relief. (Id.). Defendants additionally argue that dismissal is warranted on claim-specific grounds, e.g.: statute of limitations; public employee's immunity from liability under various statutes; and Minahan's failure to follow procedural requirements in bringing suit. (Id.). Minahan filed an opposition to the renewed motion to dismiss. (Docket #72). The Town Defendants moved to strike information proffered in that opposition, arguing that certain facts were not pled in Minahan's fourth amended complaint. (Docket #73). Minahan then opposed the motion to strike, identifying specific allegations in the fourth amended complaint that allegedly show that the contested facts were actually pled. (Docket #74). Minahan argued that the contested facts were not outside of the pleadings, and therefore should not be stricken by the Court. (Id.). The Court agrees with the result, but for the following independent reason.

### III. DISCUSSION

Federal Rules of Civil Procedure 12(f) authorizes a court "to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed.R.Civ.P. 7(a). Rule 12(f) is "designed to reinforce the requirement in Rule 8(e) that pleadings be simple, concise, and direct." Dennison v. LaPointe, No. 06-40100-FDS, 2006 WL 3827516, at *1 (D. Mass. Dec. 29, 2006) (quoting 5C Charles A. Wright, et al., Federal Practice and Procedure § 1380 at 391 (2004)). As both the letter and purpose of Rule 12(f) indicate, the rule applies only to pleadings. Pleadings are identified in Fed. R. Civ. P. 7 as "a complaint; an

answer to a complaint; an answer to a counterclaim designated as a counterclaim; an answer to a cross-claim; a third-party complaint; an answer to a third-party complaint; and if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a).

Here, the Town Defendants move to strike information from Minahan's memorandum of law in opposition to a motion to dismiss the complaint. The memorandum of law is not a pleading, and Rule 12(f) does not apply to motions and memoranda of law. Cordero v. Dickahaut, No. 11-10098-JLT, 2011 WL 7091650 at *2 (D. Mass. Oct. 27, 2011); Lipin v. Ellis, No. 07-92-P-S, 2007 wl 2198876 at *3 (D. Me. July 26, 2007). See also, Pilgrim v. Trs. of Tufts Coll., 118 F.3d 864, 868 (1st Cir. 1997), abrogated on other grounds by Crowley v. L.L. Bean, Inc., 303 F.3d 387 (1st Cir .2002) (Rule 12(f) applies only to pleadings and not to motions made in pursuit or in opposition to summary judgment); Kuehl v. F.D.I.C., 8 F.3d 905, 907, n.4 (1st Cir. 1993) ("[i]t is well established in this circuit that motions to dismiss are not responsive pleadings"); Phinney v. Paulshock, 181 F.R.D. 185, 207 (D.N.H. 1998) aff'd sub nom. Phinney v. Wentworth Douglas Hosp., 199 F.3d 1 (1st Cir. 1999) (Rule 12(f) only applies to pleadings); Marcello v. Maine, 489 F. Supp. 2d 82, 85–86 (D. Me. 2007) (a summary judgment motion is not a pleading as defined by Rule 7); Colon v. Blades, 268 F.R.D. 143, 146 (D.P.R. 2010) ("[a]n informative motion is not a pleading within the meaning of Rule 12(f)"). Because Rule 12(f) does not apply, the relief the Town Defendants seek is not proper, and the Court recommends that the motion to strike be denied.

Notwithstanding this Court's recommendation that the motion to strike be denied, the Court recognizes that if it were to consider matters outside the pleadings on a motion to dismiss, the motion must be treated as one for summary judgment under Fed. R. Civ. P. 56. See Fed. R. Civ. P. 12(d). Accordingly, the Court intends to treat the motion to strike as a reply to the

4

Minahan's opposition to the motion to dismiss, and in making a recommendation on the motion to dismiss, the Court will consider the Town Defendants' arguments that Minahan has improperly sought to present matters outside the pleadings in opposing that motion.

IV. **CONCLUSION**

For the foregoing reasons, this Court recommends that the Town Defendants' Motion to Strike Facts in Plaintiff's Opposition to Motion to Dismiss Fourth Amended Complaint (Docket #73) be DENIED, but that it be treated as a reply brief to Minahan's opposition memorandum filed at Docket #74.[1]

                                                     /s/David H. Hennessy_____
                                                     David H. Hennessy
                                                     United States Magistrate Judge

---

[1] The parties are hereby advised that, under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objections are made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-05 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within 14 (14) days after being served with a copy thereof.