UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROSALIND MINAHAN,            )
    Plaintiff,           )
                         )
            v.           )   C.A. NO. 12-cv-30203-MAP
                         )
TOWN OF EAST LONGMEADOW,     )
ET AL.,                      )
    Defendants.          )

### MEMORANDUM AND ORDER REGARDING
### REPORT AND RECOMMENDATION WITH REGARD TO
### DEFENDANTS' MOTION TO DISMISS
(Dkt. Nos. 68 & 82)

February 17, 2015

PONSOR, U.S.D.J.

This action arises from Plaintiff's termination of employment with Defendant Town of East Longmeadow. Her fourth amended complaint (Dkt. No. 62) offers numerous theories of relief: age discrimination under state and federal law (Count I); retaliation under state and federal law (Count II); disability discrimination (Count III); violation of the Family Medical Leave Act, 29 U.S.C. § 2615 ("FMLA"), as well as retaliation for assertion of those rights (Count IV); common law claims for breach of contract, wrongful termination, and breach of the duty of good faith and fair dealing (Count V); violation of the Massachusetts Tort Claims Act, Mass. Gen. Laws ch. 258, § 2 (Count VI); and general violation of constitutional rights pursuant to

the First and Fourteenth Amendments (Count VII).

On December 31, 2013, Defendants filed a Motion to Dismiss for Failure to State a Claim, (Dkt. No. 68), which Plaintiff opposed. On March 10, 2014, this court referred the motion to Magistrate Judge David H. Hennessy for a report and recommendation. On September 11, 2014, Magistrate Judge Hennessy issued a Report and Recommendation (Dkt. No. 82), admonishing the parties that objections would need to be filed within fourteen days. (Dkt. No. 82 at 47 n.27.)

Judge Hennessy's Report and Recommendation was to the effect that Defendants' Motion to Dismiss should be granted as to all counts in the complaint and as against all Defendants, except with regard to a portion of Counts IV and V. With regard to Count IV, Judge Hennessy found that sufficient facts and law supported Plaintiff's claim with respect to retaliation against her for exercise of her rights pursuant to the FMLA as set forth in 29 U.S.C. § 2615(a)(1). He also found, as to Count V, that sufficient facts and law supported Plaintiff's claim, based upon violation of her FMLA rights, for common law wrongful termination in violation of public policy. He recommended that these two elements of Plaintiff's complaint go forward against the Town of East Longmeadow, the Board of Selectmen,

and two individual Defendants, James Driscoll and Enrico Jack Villamano.

For the reasons set forth below, upon de novo review, the court will adopt this Report and Recommendation, in part. In two minor areas, the court will decline to adopt the recommendation.

It is not necessary to recite the facts underlying this complaint. They were laid out in detail in Judge Hennessy's meticulous Report and Recommendation. Similarly, it is not necessary for the court to restate what has been set forth cogently in the Report and Recommendation: except for the areas identified by Judge Hennessy, the complaint lacks adequate factual averments and/or support in the law to go forward. The objections filed by Plaintiff to the Report and Recommendation merely repeat, in substantial degree, arguments that were carefully considered and properly rejected by Judge Hennessy.

Defendants object only to one relatively small aspect of the Report and Recommendation. They point out that the claim for retaliation based on exercise of FMLA rights has merely been duplicated in the claim set forth under Count V. Where an existing statute provides a plaintiff a remedy, it is improper simply to duplicate this cause of action by asserting a common law claim. Perez v. Greater New Bedford

3

Vocation Technical Sch. Dist., 988 F. Supp. 2d 105, 113 (D. Mass. 2013). For this reason, the court will decline to adopt the Recommendation with regard to Count V and, instead, dismiss it in its entirety.[1]

As an even smaller matter, the court will strike Defendant Board of Selectmen. This entity is not sueable, and any remedy obtained against the Town of East Longmeadow will fully compensate Plaintiff. See Curran v. City of Boston, 777 F. Supp. 116, 120 (D. Mass. 1991). It is not necessary to clutter up the complaint with a superfluous defendant.

Based upon the foregoing, the court hereby ADOPTS Magistrate Judge Hennessy's Report and Recommendation (Dkt. No. 82), upon de novo review, except in the two areas identified above. Defendants' Motion to Dismiss (Dkt. No. 68) is hereby ALLOWED, except as to Count IV against Defendants Town of East Longmeadow, Driscoll, and Villamano for interference with Plaintiff's FMLA rights pursuant to 29 U.S.C. § 2615(a)(1).

This case is hereby referred to Magistrate Judge

---

[1] This basis for dismissal was not raised in Defendants' motion to dismiss and therefore not addressed in the Report and Recommendation. Defendants' argument on this point first appeared in their objections. However, the decision to address the argument now, and dismiss Count V entirely, is well supported and will not prejudice Plaintiff since she will receive a full remedy if she prevails on Count IV.

Katherine A. Robertson for a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16.

It is So Ordered.

                                            /s/ Michael A. Ponsor
                                            MICHAEL A. PONSOR
                                            U.S. District Judge